**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 16-16-DLB-CJS**

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**


**v.**                              **MEMORANDUM ORDER**


**JAMES L. ROSS**                                                              **DEFENDANT**

*** *** *** *** *** ***

This matter is before the Court on Defendant James Ross's *pro se* Motion for Early Termination of Supervised Release (Doc. # 65). The United States filed a Response (Doc. # 67). Ross did not file a reply, and the time to do so has passed. Therefore, the Motion is now ripe for review. For the following reasons, the Motion (Doc. # 65) is **denied**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On July 28, 2016, Ross pled guilty to one count of distributing child pornography. (Doc. # 32). On November 3, 2016, Ross was sentenced by then-U.S. District Judge Amul Thapar to seventy-three months' imprisonment to be followed by a ten-year term of supervised release. (Doc. # 38). The Judgment stated that Ross "may petition the Court, and the Court will grant, early termination [of supervised release] if there have been no violations after 5 years." (*Id.* at 3). Ross was released from custody on April 14, 2021. (Doc. # 48 at 1).

However, roughly one year later, Ross violated the terms of his supervised release by operating a motor vehicle while under the influence of alcohol. (*Id.*). As a result, this Court revoked Ross's supervised release and sentenced him to thirty days' imprisonment

1

to be followed by nine years of supervised release.  (Doc. # 49).  In early 2023, Ross violated the terms of his supervised release for a second time by using methamphetamine, possessing two unauthorized cell phones, and viewing adult pornography.  (Doc. # 60 at 2-3).  On March 2, 2023, the Court sentenced Ross to six months' imprisonment to be followed by five years of supervised release.  (Doc. # 63 at 2-3).  Ross seeks early termination of this term.  (Doc. # 65).

## II.    STANDARD OF REVIEW

"A district court may, after considering a subset of the sentencing factors set forth in [18 U.S.C.] § 3553(a), terminate a term of supervised release[.]"  *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025).  The relevant factors are:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established from the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Tavarez*, 141 F.4th 750, 756 (6th Cir. 2025) (citing 18 U.S.C. § 3583(e) (citation omitted)).  However, a court may only terminate a term of supervised release "after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice."  18 U.S.C. § 3583(e)(1).

The Sixth Circuit has remarked that "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early

termination." *Hale*, 127 F.4th at 640 (quoting *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (quotation omitted)).  Early termination of supervised release is only appropriate where it is warranted by both the defendant's conduct and by the interests of justice.  *Id.* (quoting *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003)).  While a finding of exceptionally good behavior is not a necessary condition for early termination, a defendant's behavior during his period of supervision "remains a relevant consideration."  *Hale*, 127 F.4th at 642 (citing *Melvin*, 978 F.3d at 53).  Still, "[t]he Court notes that 'full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.'"  *United States v. Anderson*, No. 6:13-cr-030-DCR, 2024 WL 1909158, at *2 (E.D. Ky. May 1, 2024) (quoting *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (citation omitted)).  Thus, "early termination is not warranted as a matter of course."  *Id.*

## III.   DISCUSSION

Ross moves for early termination of his term of supervised release.  (Doc. # 65 at 1).  He notes that he has "now completed a substantial portion of his 10-year term of supervised release" and states that he "has complied fully with all conditions imposed by the Court and the United States Probation Office."  (*Id.* at 1).  Ross argues that "[s]ince his release from custody, [he] has demonstrated consistent rehabilitation, maintained stable housing, maintained stable employment, complied with all treatment and monitoring requirements."  (*Id.* at 2).  This conduct, he asserts, demonstrates "a sustained commitment to lawful behavior and reintegration into the community" such that "[c]ontinued supervision no longer serves a rehabilitative or public-safety purpose."  (*Id.*).

3

Ross includes with his Motion (Doc. # 65) a letter from Dr. Ed Connor, a psychologist who has worked with Ross since 2020.  (Doc. # 65-2).  Dr. Connor states that Ross has successfully completed sex offender treatment.  (*Id.*).  Further, Dr. Connor does not oppose Ross's request for early termination of supervision as, in Dr. Connor's opinion, "he is at *very* 'low risk' to reoffend."  (*Id.* (emphasis in original)).  Ross has also filed a letter from Barbara Fletcher, a behavioral health counselor at Brightview Health.  (Doc. # 65-2).  Ms. Fletcher states that Ross is currently participating in an outpatient substance abuse treatment program without issue.  (*Id.*).

The United States acknowledges that Ross has fulfilled all of his obligations since he began his most recent term of supervised release in August of 2023.  (Doc. # 67).  These include successful completion of sex offender treatment and compliance with drug testing.  (*Id.* at 3).  During this term of supervision, Ross "has maintained full-time employment and has the support of his family, including his mother and sister."  (*Id.*).  "By all accounts," the United States concludes, "the Defendant is trending in the right direction and appears to be benefitting from supervised release."  (*Id.*).  And while the United States opposes termination of Ross's supervised release at the present juncture, the United States "recommends the Court defer the Defendant's request for early termination until August 2026."  (*Id.* at 3).

Although Ross's conduct during his current term of supervised release is commendable, the Court finds termination at this juncture inappropriate.  To begin, "the nature and circumstances of the offense and the history and characteristics of the Defendant" weigh against early termination.  18 U.S.C. § 3553(a)(1).  Ross was convicted of distribution of child pornography—a serious offense.  *See United States v. Magarrell*,

4

No. 2:14-cr-199-DN, 2025 WL 1135591, at *2 (D. Ut. Apr. 17, 2025) (acknowledging the "serious nature" of distribution of child pornography).  And although Ross has met the obligations of his present supervised release, the Court has twice revoked his supervision in the wake of serious infractions.  (*See* Docs. # 52 and 63).  Further, the fact that Ross previously violated the terms of his release by seeking out adult pornography on the internet counsels against early termination at this point.  (Doc. # 60 at 2).

Second, the Court must consider "the need for the sentence imposed."  18 U.S.C. § 3553(a)(2).  "This factor addresses the multiple objectives of the criminal sentence, including the need 'to afford adequate deterrence to criminal conduct,' 'to protect the public from further crimes of the defendant,' and 'to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  *United States v. Bowlus*, No. 3:14-cr-110-RGJ, 2025 WL 2977595, at *4 (W.D. Ky. Oct. 21, 2025) (quoting *Id.*).  As the United States observes, Ross "is trending in the right direction and appears to be benefitting from supervised release."  (Doc. # 67 at 3).  Indeed, Ross has not violated the terms of his supervision since his release from custody in August of 2023.  This conduct indicates that supervision provides an important guardrail for Ross's continued rehabilitation.  Ross acknowledges that his participation in substance abuse treatment—a term of his supervision—has "been instrumental in supporting [his] long-term stability and development."  (Doc. # 65-3 at 1-2).  The fact that the requirements of Ross's supervision continue to serve such an important role in his rehabilitation weighs against early termination.  Likewise, the nature of Ross's previous violations of his supervised release, and the need to protect the public from further crimes lead the Court to conclude that early termination is inappropriate.

The third and fourth § 3553(a) factors require an examination of the "kinds of sentence and sentencing range established for [Ross's offense]" and consideration of "any pertinent policy statement" issued by the Sentencing Commission that were "in effect on the date [Ross was] sentenced."  18 U.S.C. §§ 3553(a)(4)-(5).  The minimum term of supervised release in Ross's case was five years with a maximum term of lifetime supervision.  18 U.S.C. § 3583(k); *see also Bowlus*, 2025 WL 2977595, at *3.  Here, the Court ordered a ten-year term of supervised release.  (Doc. # 38 at 3).  This is a "lesser term than what is typically ordered in these cases[.]"  *Bowlus*, 2026 WL 2977595, at *3.  Relatedly, the Sentencing Guidelines recommend a lifetime term of supervised release for a sex offense.  5D1.2(b) (Policy Statement).  These factors also counsel against early termination of supervised release.

After considering the subset of sentencing factors set forth in 18 U.S.C. § 3553(a) as well as Ross's prior conduct and the interest of justice, the Court concludes that early termination of supervised release is unwarranted at this point.  Although Ross's conduct during his most recent term of supervised release is laudable, he has served just over half of his term.  So, although the Court denies Ross's Motion (Doc. # 65) at this time, in light of the United States' recommendation, Ross is invited to seek early termination anew in August of 2026, should he continue to comply with the terms of his supervision.  (*See* Doc. # 67 at 3).

**IV.   CONCLUSION**

Accordingly, Ross's *pro se* Motion for Early Termination of Supervised Release (Doc. # 65) is **DENIED**.

This 31st day of March, 2026.

Signed By:

David L. Bunning

Chief United States District Judge